UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSLYN MARIE RENFROW-HARRIS,<br><br>         Plaintiff,<br><br>    v.<br><br>JOSHUA CLINTON HARRIS, et al.,<br><br>         Defendants. | NO. 2:23-CV-0172-TOR<br><br>ORDER DISMISSING COMPLAINT |

BEFORE THE COURT is Plaintiff's Complaint. ECF No. 1. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, all claims asserted in Plaintiff's Complaint (ECF No. 1) against all Defendants are **DISMISSED with prejudice**.

## BACKGROUND

Plaintiff Joslyn Marie Renfrow-Harris, proceeding *pro se* and seeking *in forma pauperis* status, filed this suit on June 13, 2023, against thirty-five named Defendants. ECF No. 1. No proof of service has been filed. Plaintiff seeks

ORDER DISMISSING COMPLAINT ~ 1

damages in the amount of $11,000,000, an injunction, a grand jury, and other relief. Plaintiff's 58-page Complaint is incomprehensible. Plaintiff appears to seek to remove at least five state court cases to federal court involving "Family Law Civil Matters." Plaintiff recounts occurrences beginning in 1991 to the present and occurring in the States of Texas, Idaho, and Washington involving her, her husbands and children. Based on the caption, Plaintiff appears to have filed the same Complaint in seven different courts.

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen a complaint filed by a party seeking to proceed *in forma pauperis*. 28 U.S.C. § 1915(e); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (noting that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"). Section 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the

1   Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."
2   *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  Accordingly, "[d]ismissal
3   is proper only if it is clear that the plaintiff cannot prove any set of facts in support
4   of the claim that would entitle [her] to relief." *Id*.  "In making this determination,
5   the Court takes as true all allegations of material fact stated in the complaint and
6   construes them in the light most favorable to the plaintiff." *Id*.  Mere legal
7   conclusions, however, "are not entitled to the assumption of truth." *Ashcroft v.
8   Iqbal*, 556 U.S. 662, 679 (2009).  The complaint must contain more than "a
9   formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v.
10  Twombly*, 550 U.S. 544, 555 (2007).  It must plead "enough facts to state a claim to
11  relief that is plausible on its face." *Id.* at 570.  The Court construes a *pro se*
12  plaintiff's pleadings liberally, affording the plaintiff the benefit of any doubt.
13  *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010) (quotations and citation
14  omitted).

15      The Court finds that Plaintiff has failed to state facts which "plausibly give
16  rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

17      Plaintiff has failed to establish the subject matter jurisdiction of this Court or
18  jurisdiction over the named Defendants.

19      A complaint must contain "a short and plain statement of the claim showing
20  that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A plaintiff's

ORDER DISMISSING COMPLAINT ~ 3

"allegations of material fact are taken as true and construed in the light most favorable to the plaintiff[,]" however "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted).

In assessing whether Rule 8(a)(2) has been satisfied, a court must first identify the elements of the plaintiff's claim(s) and then determine whether those elements could be proven on the facts pled. The Court "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 662.

Furthermore, Plaintiff's allegations are insufficient to state a viable claim under 42 U.S.C. § 1983. Section 1983 requires a claimant to prove (1) a person acting under color of state law (2) committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988). A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complains]." *Redman v. Cnty. of San Diego*, 942 F.2d 1435, 1439 (9th Cir. 1991) (emphasis and brackets in the original), *abrogated in part on other grounds*,

ORDER DISMISSING COMPLAINT ~ 4

*Farmer v. Brennan*, 511 U.S. 825 (1994); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

A complaint must set forth the specific facts upon which the plaintiff relies in claiming the liability of each defendant. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Even a liberal interpretation of a civil rights complaint may not supply essential elements of a claim that the plaintiff failed to plead. *Id*. To establish liability pursuant to § 1983, Plaintiff must set forth facts demonstrating how each Defendant caused or personally participated in causing a deprivation of Plaintiff's protected rights. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff appears to disagree with the results of the referenced state court lawsuits and administrative action, but this Court does not supervise the state courts. The state appellate courts have jurisdiction to review lower state courts' decisions.

Unless it is absolutely clear that amendment would be futile, a *pro se* litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded by statute*, 28 U.S.C. § 1915(e)(2), *as recognized in Aktar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). The Court finds that it is absolutely clear that no amendment will cure the deficiencies in Plaintiff's Complaint. Therefore, the Court dismisses Plaintiff's

ORDER DISMISSING COMPLAINT ~ 5

Complaint with prejudice.

For purposes of 28 U.S.C. § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court finds that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Complaint (ECF No. 1) is **DISMISSED with prejudice**.

2. Plaintiff's *in forma pauperis* status has been **DENIED**.

3. Plaintiff's Motion to Obtain Electronic Case Filing Authorization, ECF No. 4, is **DENIED**.

4. Plaintiff's Petition for Judicial Review, ECF No. 5, is **DENIED**.

5. Plaintiff's Writ of Mandamus, ECF No. 6, is **DENIED**.

6. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

The District Court Executive is directed to enter this Order and Judgment accordingly, forward copies to Plaintiff, and **CLOSE** the file.

**DATED** June 27, 2023.



THOMAS O. RICE
United States District Judge

ORDER DISMISSING COMPLAINT ~ 6